73 F.3d 379
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Elbert HICKS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3689.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1995.
 
 Before ARCHER, Chief Judge, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Mr. Elbert Hicks appeals the decision of the Merit Systems Protection Board. The Board denied Mr. Hicks' petition for review because he had not requested restoration following partial recovery. Because the Board properly concluded that it lacked jurisdiction to hear Mr. Hicks' appeal, this court affirms.
 
 
 2
 Mr. Hicks sustained a work-related injury as a letter carrier for the United States Postal Service (USPS) in July 1984. He voluntarily resigned and applied for workers' compensation in September 1984. In August 1985, following partial recovery, Mr. Hicks requested restoration to a USPS position. USPS offered Mr. Hicks restoration in the Baltimore, Maryland area. Mr. Hicks refused and again appealed to the Board for restoration in the Charleston, South Carolina area. The Board ordered USPS to restore Mr. Hicks to a position in South Carolina. USPS refused to restore Mr. Hicks because suspension of his drivers license prevented him from driving USPS vehicles. Mr. Hicks maintains that he appealed to the Board by letter for restoration again on July 12, 1994.
 
 
 3
 The administrative judge ordered USPS to review the matter and confirm whether it remained firm in its decision to deny Mr. Hicks' restoration. USPS responded that Mr. Hicks had not applied for restoration, that he had not submitted evidence of partial recovery, and that he was still receiving workers' compensation benefits. The administrative judge then issued an order stating that USPS had no obligation to restore Mr. Hicks to a position without a request for restoration. The administrative judge also directed Mr. Hicks to provide evidence of his request for restoration following a compensable injury.
 
 
 4
 Mr. Hicks provided a return receipt card. USPS produced the letter associated with the return receipt card. However, the administrative judge found the letter merely a request to the Department of Labor for vocational rehabilitation, not a request for restoration. In addition, the administrative judge found the letter was not an application for restoration because it did not contain a request for restoration to a USPS position. Specifically, the letter cited application for a GS-04 position. USPS positions are not GS grades. Therefore, Mr. Hicks made no showing of seeking a USPS position. The administrative judge concluded that the Board did not have jurisdiction because Mr. Hicks did not apply for restoration following partial recovery from a compensable injury. 5 C.F.R. Sec. 1201.115 (1995). The Board dismissed Mr. Hicks' appeal and denied his petition for review.
 
 
 5
 This court affirms Board decisions unless they are: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1994).
 
 
 6
 Before the Board can consider an appeal from the initial decision of an administrative judge denying restoration, the former employee must demonstrate he requested restoration or that the agency denied him restoration. Santistevan v. United States Postal Serv., 20 M.S.P.R. 475, 477 (1984). The Board found that Mr. Hicks had not requested restoration. Substantial evidence supports this finding of fact. In view of this finding, the Board correctly concluded that it lacked jurisdiction.